IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| AMERICAN FAMILY HOME INSURANCE COMPANY; | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CIVIL ACTION NO. CV-08-547-WS-C ) ) |
| TYRONE HILLERY & SHELIA JONES; | ) ) |
| Defendants. | ) |

**<u>DEFENDANTS COUNTERCLAIMANTS TYRONE HILLERY AND SHELIA JONES COUNTERCLAIM AND ANSWER TO THE COMPLAINT FOR DELCARATORY JUDGMENT BY PLAINTIFF COUNTER CLAIM DEFENDANT AMERICAN FAMILY HOME INSURANCE COMPANY</u>**

COMES NOW T. Defendants and Counter Claimants Tyrone Hillery and Shelia Hill and file this their Counter Claim and Answer to Plaintiff American Family Home Insurance Company's, (hereinafter "AFHIC"), Complaint for Declaratory Judgment as follows:

1. Upon information and belief, Tyrone Hillery and Shelia Hill admit the statements contained within this paragraph.

2. Tyrone Hillery and Shelia Hill admit the statements contained within this paragraph.

3. Tyrone Hillery and Shelia Hill admit the statements contained within this paragraph.

4. Tyrone Hillery and Shelia Hill admit the statements contained within this paragraph.

5. Tyrone Hillery and Shelia Hill admit the statements contained within this paragraph.

6. Tyrone Hillery and Shelia Hill admit the statements contained within this

paragraph.

7. Tyrone Hillery and Shelia Hill admit the statements contained within this paragraph.

8. Tyrone Hillery and Shelia Hill admit the statements contained within this paragraph.

9. Tyrone Hillery and Shelia Hill admit the statements contained within this paragraph.

10. Upon information and belief, Tyrone Hillery and Shelia Hill admit the statements contained within this paragraph.

11. Upon Information and belief, Tyrone Hillery and Shelia Jones admit the statements contained within this paragraph.

12. Upon information and belief, Tyrone Hillery and Shelia Jones admit the statements contained within this paragraph.

13. Tyrone Hillery and Shelia Jones admit statements contained within this paragraph and deny other statements contained within this paragraph. Thus, they demand strict proof thereof.

14. Tyrone Hillery and Shelia Jones admit statements contained within this paragraph and deny other statements.

15. Tyrone Hillery and Shelia Jones admit statements contained within this paragraph.

16. Tyrone Hillery and Shelia Jones admit statements contained within this paragraph.

17. Tyrone Hillery and Shelia Jones lack information to either admit or deny statements contained within this paragraph and, therefore, they demand strict proof thereof. Additionally, they deny other statements contained within this paragraph and, therefore, they demand strict proof thereof.

18. Tyrone Hillery and Shelia Jones lack information to either admit or deny

statements contained within this paragraph and, therefore, they demand strict proof thereof. Additionally, they deny other statements contained within this paragraph and, therefore, they demand strict proof thereof.

19. Tyrone Hillery and Shelia Jones lack information to either admit or deny statements contained within this paragraph and, therefore, they demand strict proof thereof. Additionally, they deny other statements contained within this paragraph and, therefore, they demand strict proof thereof.

20. Tyrone HIllery and Shelia Jones admit statements contained within this paragraph. However, they deny statements contained within this paragraph and demand strict proof thereof.

21. Tyrone Hillery and Shelia Jones lack sufficient information to either admit or deny statements contained within this paragraph and, therefore, they demand strict proof thereof.

22. Tyrone Hillery and Shelia Jones lack sufficient information to either admit or deny statements contained within this paragraph and, therefore, they demand strict proof thereof.

23. Tyrone Hillery and Shelia Jones lack sufficient information to either admit or deny statements contained within this paragraph and, therefore, they demand strict proof thereof.

24. Tyrone HIllery and Shelia Jones admit statements contained within this paragraph. However, they deny statements contained within this paragraph and demand strict proof thereof ereof.

25. Tyrone Hillery and Shelia Jones admit the statements contained within this paragraph.

26. Tyrone Hillery and Shelia Jones admit the statements contained within this paragraph.

## COUNT ONE

27. Tyrone HIllery and Shelia Jones admit statements contained within this paragraph. However, they deny statements contained within this paragraph and demand strict proof thereof.

28. Tyrone HIllery and Shelia Jones admit statements contained within this paragraph. However, they deny statements contained within this paragraph and demand strict proof thereof.

29. Tyrone Hillery and Shelia Jones admit statements contained within this paragraph. At this time, they lack sufficient information to either admit or deny other statements contained in the paragraph and, therefore, they demand strict proof thereof.

30. Tyrone Hillery and Shelia Jones deny statements contained within this paragraph and, therefore, they demand strict proof thereof.

31. At this time, Tyrone Hillery and Shelia Jones lack sufficient information to either admit or deny statements contained within this paragraph and, therefore, they demand strict proof thereof.

32. Tyrone HIllery and Shelia Jones admit statements contained within this paragraph. However, they deny statements contained within this paragraph and demand strict proof thereof.

## **COUNT TWO**

33. Tyrone HIllery and Shelia Jones admit statements contained within this paragraph. However, they deny statements contained within this paragraph and demand strict proof thereof.

34. Tyrone Hillery and Shelia Jones deny the statements contained within this paragraph and, therefore, they demand strict proof thereof.

35. Tyrone Hillery and Shelia Jones deny the statements contained within this paragraph and, therefore, they demand strict proof thereof.

36. Tyrone Hillery and Shelia Jones deny the statements contained within this

paragraph and, therefore, they demand strict proof thereof.

## COUNT THREE

37. Tyrone HIllery and Shelia Jones admit statements contained within this paragraph.    However, they deny statements contained within this paragraph and demand strict    proof thereof.

38. Tyrone Hillery and Shelia Jones deny the statements contained within this paragraph and, therefore, they demand strict proof thereof.

39. At this time, Tyrone Hillery and Shelia Jones lack sufficient information to either admit or deny statements contained within this paragraph and, therefore, they demand strict proof thereof.   Regardless, this paragraph is not applicable to the facts of this matter.

40. Tyrone Hillery and Shelia Jones deny the statements contained within this paragraph and, therefore, they demand strict proof thereof.

## COUNT FOUR

41. Tyrone HIllery and Shelia Jones admit statements contained within this paragraph.    However, they deny statements contained within this paragraph and demand strict    proof thereof.

42. Tyrone Hillery and Shelia Jones deny the statements contained within this paragraph and, therefore, they demand strict proof thereof.

## COUNT FIVE

43. Tyrone HIllery and Shelia Jones admit statements contained within this paragraph.    However, they deny statements contained within this paragraph and demand strict    proof thereof.

44. Tyrone HIllery and Shelia Jones deny statements contained within this paragraph and demand strict proof thereof.

45. Tyrone HIllery and Shelia Jones deny statements contained within this paragraph and demand strict proof thereof.

## COUNT SIX

46. Tyrone HIllery and Shelia Jones admit statements contained within this paragraph. However, they deny statements contained within this paragraph and demand strict proof thereof.

47. Tyrone HIllery and Shelia Jones lack sufficient information to either admit or deny the statements contained within this paragraph deny statements contained within this paragraph and demand strict proof thereof.

48. Tyrone HIllery and Shelia Jones deny statements contained within this paragraph and demand strict proof thereof.

49. Tyrone HIllery and Shelia Jones deny statements contained within this paragraph and demand strict proof thereof.

## FIRST DEFENSE

The Complaint for Declaratory Judgment fails to state a claim upon which relief

## SECOND DEFENSE

50. Plaintiff is not entitled to the requested relief in the Complaint for Declaratory Judgment.

## THIRD DEFENSE

51. Tyrone Hillery and Shelia Jones plead the terms of the policy at issue in this matter.

## FOURTH DEFENSE

52. Tyrone Hillery and Shelia Jones plead estoppels as a defense.

## FIFTH DEFENSE

53. Tyrone Hillery and Shelia Jones plead waiver as a defense.

## SIXTH DEFENSE

54. Tyrone Hillery and Shelia Jones assert that they have met the conditions of Plaintiff's policy at issue in this matter.

## SEVENTH DEFENSE

55. Tyrone Hillary and Shelia Jones plead bad faith, misrepresentation, suppression, and deceit by Plaintiff as a defense in this matter.

## EIGHTH DEFENSE

56. Tyrone Hillery and Shelia Jones plead Plaintiff's breach of contract as a defense in this matter.

## NINTH DEFENSE

57. Tyrone Hillery and Shelia Jones plead unjust delay in the investigation by the Plaintiff as a defense in this matter.

## TENTH DEFENSE

58. Tyrone Hillery and Shelia Jones plead the defense of mistake.

## ELEVENTH DEFENSE

59. Tyrone Hillery and Shelia Jones plead lack of intent to deceive as a defense in this matter.

## TWELTH DEFENSE

60. Tyrone Hillery and Shelia Jones plead the inapplicability of Alabama Code Section 27-14-28 to the facts of this matter.

## THIRTEENTH DEFENSE

61. Tyrone Hillery and Shelia Jones state that they did not make any intentional misrepresentations to Plaintiff when the proof of loss statements were completed.

## FOURTEENTH DEFENSE

62. Tyrone Hillery and Shelia Jones plead promissory fraud by Plaintiff as a defense in this matter.

## FIFTEENTH DEFENSE

63. Tyrone Hillery and Shelia Jones plead negligence as a defense in this matter.

## COUNTER CLAIM OF TYRONE HILLARY AND SHELIA JONES

## STATEENT OF FACTS

64. On August 15, 2007, AFHIC issued a policy of insurance to Tyrone Hillery which

insured his home from loss by fire or other perils. The policy number was 070G178507165. However, Tyrone Hillery does not recall if or when he received a copy of the policy. Also, at the time the policy was issued, Tyrone Hillery was not sure when the policy actually went into effect.

65. On December 15, 2007, Tyrone Hillery, Shelia Jones and their family left their home located at 2000 County Road 55 in Thomasville, Alabama to shop for Christmas in Mobile, Alabama.

66. While they were shopping in Circuit City, Shelia Jones received a phone call informing her that their home as on fire.

67. Tyrone Hillery, Shelia Jones and their entire family immediately loaded their merchandise and headed home.

68. When Tyrone Hillery, Shelia Jones and their entire family arrived home, police officers and fire men were already on the scene.

69. The police officers and firemen determined that someone had broken into the home, stolen numerous items and started the fire. Tyrone Hillery completed and filed a report with the police department. Tyrone Hillery nor Shelia Jones are related in any way to the origin of the fire which destroyed their home.

70. Tyrone Hillery contacted AFHIC to determine if the insurance was in effect at the time of the fire and, if so notify it of the loss. When he found out it was if effect , he filed a claim for benefits under the policy.

71. Tyrone Hillery and Shelia Jones have provided AFHIC with all the documents which it requested during the course of its investigation that were in their possession, custody or control. One of the numerous documents that Tyrone Hillery and Shelia Jones produced to AFHIC was a receipt from Circuit City. The receipt clearly showed that they were in Mobile in that particular store at the time of the fire.

72. In completing their Proof of Loss Statements, Tyrone Hillery and Shelia Jones

were assisted by AFHIC. In the event that there were errors on the Proof of Loss Statements, said errors were a result of the negligence of AFHIC.

73. Furthermore, in completing the Proof of Loss Statements, Tyrone Hillery nor Shelia Jones did not make any intentional misrepresentations. If errors were made, they were purely accidental.

74. On March 20, 2008 Tyrone Hillery and Shelia Jones appeared for an examination under oath.

75. After the examination under oath was completed, Tyrone Hillery and Shelia Jones provided AFHIC with corrections to errors that were discovered on the Proof of Loss Statements.

76. AFHIC has denied the claim submitted by Tyrone Hillery and Shelia Jones. The denial of the claim was not based on any legitimate, arguable or debatable reason.

77. Furthermore, AFHIC failed to conduct a proper investigation in its adjustment of this claim. Furthermore, the conduct in intentionally refusing to investigate the claim or intentionally refusing to pay the claim, represents malicious, fraudulent and oppressive conduct on the part of AFHIC. Said conduct further evidences a conspicuous disregard for the rights of its insured, Tyrone Hillery and Shelia Jones.

78. The denial of the claim by AFHIC breached the insurance contract that it had with Tyrone Hillery. Furthermore, the denial was in bad faith.

79. As a direct and proximate result, Tyrone Hillery and Shelia Jones have been damaged.

## COUNT ONE BREACH OF CONTRACT

80. Tyrone Hillary and Shelia Jones reallege, as if fully set forth, each and every allegation contained in the proceeding paragraphs and further allege that: At the

time Tyrone Hillery notified AFHIC of the loss, there was a valid contract between him and it providing insurance coverage.

81. On the date that Tyrone Hillary made the claim, he was insured under the terms of the insurance contract 070G178507165 issued by AFHIC and, he and Shelia Jones were entitled to the benefits provided under the same contract.

82. Tyrone Hillery and Shelia Jones have fulfilled their obligations under the insurance agreement and provided all of the necessary documentation and other information that has been requested from them. In addition, they made a claim to be paid under the terms of the insurance agreement.

83. When AHFIC refused to pay to Tyrone Hillery all sums to which they are entitled under the terms of the policy, failed to properly investigate the claim and failed to properly adjust the claim, AHFIC breached the terms of the insurance agreement

84. As a direct and proximate consequence of the aforementioned breach, Tyrone Hillary and Shelia Jones have been damaged to include emotional distress and mental anguish.

**WHEREFORE**, Tyrone Hillary demand judgment against AHFIC for compensatory and other damages in an amount to be determined by a jury, plus interest and costs.

## COUNT TWO BAD FAITH

85. Tyrone Hillary and Shelia Jones reallege, as if fully set forth, each and every allegation contained in the proceeding paragraphs and further allege that:

86. On August 15, 2007, AFHIC issued a policy of insurance to Tyrone Hillery which insured his home from loss by fire or other perils. The policy number was 070G178507165.

87. On December 15, 2007, Tyrone Hillery and Shelia Jones' home located at 2000 County Road 55 in Thomasville, Alabama was destroyed in a fire.

88. They provided AHFIC with notice of the loss and made a claim for benefits under the aforementioned policy.

89. Tyrone Hillary and Shelia Jones aver that they have fully cooperated and have performed all conditions precedent to entitle them to recover under their homeowner's policy

90. AHFIC failed to properly investigate or adjust the claim.

91. Even though it failed to properly investigate or adjust the claim, AHFIC denied the claim and refused to honor its insurance agreement. The denial of the claim was not based on any legitimate, arguable or debatable reason.

92. Tyrone Hillery and Shelia Jones further allege that in addition to providing the coverages contained in their homeowner's insurance policy, AHFIC was also bound in that contract to an obligation of "good faith" to ascertain its contractual duties and perform them in a fair and timely manner.

93. Tyrone Hillery and Shelia Jones aver that AHFIC breached its obligation of good faith, either by failing to undertake an investigation into the merits of their claim or, after having ascertained its duties and responsibilities with respect to the their claims, by breaching its obligation to pay the claim, thus denying them the benefits of their insurance contract.

94. AHFIC's conduct in intentionally refusing to investigate the claim or intentionally refusing to pay the claim, represents malicious, fraudulent and oppressive conduct. Furthermore, said conduct further evidences a conspicuous disregard

for the rights of Tyrone Hillery and Shelia Jones.

95. As a proximate result of the misconduct of AHFIC, Tyrone Hillery and Shelia Jones have incurred mental anguish and emotional distress, and have had to hire an attorney to pursue this claim against said AHFIC to enforce their rights and recover the benefits that they were entitled to under this contract of insurance.

**WHEREFORE**, Tyrone Hillery and Shelia Hill demand judgment AHFIC for bad faith failure to pay their insurance claim and demands judgment for compensatory damages as well as emotional distress and mental anguish. They also demand punitive damages to be determined as a jury may find appropriate under the facts of this case for purposes allowed by law and to serve as a deterrent for others who are similarly situated from doing the same wrong in the future

## COUNT THREE MISREPRESENTATION

96. Tyrone Hillery and Shelia Hill realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further alleges that:

97. AHFIC made material representations that included statements that they assist in adjusting the claim, would properly investigate the claim and would act in good faith in determining its contractual duties with regard to the policy at issue in this matter.

98. The above-described representations were false.

99. AHFIC intended the above-described representations to induce Tyrone Hillery and Shelia Jones to act in reliance thereon.

100. These misrepresentations were made either recklessly or willfully to deceive.

101. Tyrone Hillery and Shelia Hill did act in reliance thereon which they would not

have done had they known the truth.

102. Such reliance was reasonable and justified based on the knowledge available to Tyrone Hillery and Shelia Hill and the circumstances at the time.

103. As a proximate result of the above-described misrepresentations Tyrone Hillary and Shelia Jones have suffered direct and consequential damages to include mental anguish.

## COUNT FOUR SUPPRESSION

104. Tyrone Hillery and Shelia Jones reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further alleges that:

105. AFHIC willfully, wantonly, fraudulently or recklessly suppressed material facts from the Tyrone Hillery and Shelia Jones, including, but not limited to the following:  it would properly assist in adjusting the claim; it would not properly investigate the claim and would act in good faith in determining its contractual duties with regard to the policy at issue in this matter.

106. AFHIC had a duty to disclose to Tyrone Hillery and Shelia Jones the material facts set forth above.

107. AFHIC suppressed and concealed material facts from Tyrone Hillery and Shelia Jones.  Without knowledge of the foregoing material facts, Tyrone Hillery and Shelia Jones did, in fact, act to their injury by not purchasing additional insurance coverage.

108. Tyrone Hillery and Shelia Jones gave been damaged as a direct and proximate result of the AHFIC's failure to disclose material facts.

109. The aforementioned actions by AFHIC constitute suppression of material facts

pursuant to Alabama Code § 6-5-102 (1975).

## COUNT FIVE NEGLIGENCE

110. Tyrone Hillery and Shelia Jones reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

111. AFHIC owed a duties to Tyrone Hillery and Shelia Jones to include the duty to properly investigate and adjust their insurance claims.

112. AFHIC breached its duties.

113. AFHIC's breach of its duty was both reckless and wanton.

114. As a direct and proximate result of the breach Tyrone Hillery and Shelia Jones have suffered damages.

**WHEREFORE**, Plaintiffs pray for judgment, joint and several, be entered against Defendant in an amount to be determined by a jury, and for further exemplary damages to the extent permitted by law. Plaintiffs also demand the costs of this action and interest on the judgment as allowed by law.

Dated:  December 26, 2008.


Respectfully submitted,


S.T. Blake Liveoak LIV014
Attorney for Tyrone Hillery and Shelia Jones

OF COUNSEL:

LIVEOAK & BOYLES, L. L. C.
Post Office Box 11511

Birmingham, Alabama 35202

## CERTIFICATE OF SERVICE

I hereby certify that on December 26  2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing; and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed via the United States Postal Service.

Sue E. Williamson, Esquire
KLASING & WILLIMSON, P.C.
1601 Providence Park
Birmingham, Alabama 35242

                                              Respectfully submitted,

                                              /s/ T. Blake Liveoak
                                              T. Blake Liveoak, LIV014
                                              Liveoak & Boyles, L. L. C.
                                              821 39th Place South
                                              Birmingham, Alabama 35222
                                              Phone:(205) 599-6822
                                              Fax:    (205) 599-6823
                                              E-mail: bliveoaklaw@gmail.com