IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AMERICAN FAMILY HOME** ) | |
| **INSURANCE COMPANY,** ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION 08-0547-WS-C** |
| ) | |
| **TYRONE HILLERY & SHEILA JONES,** ) | |
|     Defendants. ) | |

_____

| | |
|---|---|
| **TYRONE HILLERY & SHELIA JONES,** ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | **CIVIL ACTION 09-0022-WS-N** |
| ) | |
| **ALLSTATE INDEMNITY COMPANY,** ) | |
|     Defendant. ) | |

**ORDER**

These matters come before the Court on the Motion to Consolidate filed by Tyrone Hillery and Shelia Jones, who are the defendants / counterclaim plaintiffs in Civil Action 08-0547-WS-C (where the Motion is docketed as doc. 35) and the plaintiffs in Civil Action 09-0022-WS-N (where the Motion is docketed as doc. 17). All other parties to both actions having had an opportunity to be heard, the Motion is now ripe for disposition.

**I.     Background.**

These lawsuits concern the availability (or lack thereof) of coverage under two different insurance policies for a single loss allegedly sustained by Hillery and Jones, as well as the claims handling processes of the two insurers and the relationship between the policies. According to the pleadings, Hillery and Jones' mobile home in Thomasville, Alabama was damaged by fire on December 15, 2007. Hillery and Jones maintain that, while they were out on a Christmas shopping excursion, burglars broke into their home, stole numerous items, and started the fire, damaging both the home and its contents. At all relevant times, it appears that Hillery and

Jones' home was insured by two policies, one issued by American Family Home Insurance Company ("AFHIC") and the other issued by Allstate Indemnity Company ("Allstate"). Evidently, Hillery and Jones submitted identical claims for this loss to both AFHIC and Allstate, but both carriers denied coverage because of, among other reasons, alleged misrepresentations by the insureds.

In Civil Action 08-0547, AFHIC seeks a declaratory judgment against Hillery and Jones that the AFHIC policy is excess to the Allstate policy, that Hillery and Jones breached their insurance contract and violated Alabama law by making intentional misrepresentations and concealing material facts during AFHIC's investigation, and that the claim does not constitute a "loss" under the terms of the AFHIC policy.  Among other things, AFHIC suggests that Hillery and Jones lied in their proof of loss and that they caused or procured the fire, thereby voiding coverage.  AFHIC also seeks a declaration of the true value of Hillery and Jones' claim if coverage is found to exist, and reimbursement of all funds paid by AFHIC if coverage does not exist.  Hillery and Jones have brought counterclaims in Civil Action 08-0547 alleging causes of action against AFHIC for breach of contract, bad faith, fraud, suppression and negligence arising from AFHIC's handling and denial of their claim.

Similarly, in Civil Action 09-0022, Hillery and Jones filed suit against Allstate based on its denial of their claim under the Allstate policy for the December 2007 fire loss.  In that action, Hillery and Jones brought causes of action against Allstate for breach of contract, bad faith, misrepresentation, suppression and negligence that track very closely Hillery and Jones' counterclaims against AFHIC in Civil Action 08-0547.  Allstate has denied both coverage and liability.

Hillery and Jones now petition the Court to consolidate Civil Actions 08-0547 and 09-0022, reasoning that both actions "arise out of the same series of transactions or occurrences," that "there will be common questions of law" in both actions, that "there will be common questions of fact" in both actions, that consolidation "would reduce the amount of expense," and that no party would be prejudiced thereby.  (Motion, ¶¶ 2, 5-8.)[1]  AFHIC, the plaintiff and

---

[1]  The Motion to Consolidate incorrectly cites Rule 20, Fed.R.Civ.P., as its legal basis; however, the briefing schedule entered by this Court reflected that the Motion would be

counterclaim defendant in Civil Action 08-0547, neither filed a response to the Motion nor stated its position concerning the requested consolidation.  For its part, Allstate filed a response stating that it has no objection to consolidation of these actions for discovery, but that "[i]t is conceivable that issues could arise through the course of discovery that would make consolidation of the cases for trial unjust to one or all parties."  (Response, at 2.)  On that basis, Allstate requests that the Motion be granted with respect to discovery only, and that the issue of consolidation for trial be left for another day.

**II.     Analysis.**

Pursuant to Rule 42(a), Fed.R.Civ.P., a district court has authority to order consolidation "[w]hen actions involving a common question of law or fact are pending before the court."  *Id.*  The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court."  *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)).  In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated.  *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it").  "Actions that involve the same parties are apt candidates for consolidation ... [and] consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts."  *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009); *see also Vasquez Rivera v. Congar Int'l Corp.*, 241 F.R.D. 94, 95 (D.P.R. 2007)

---

properly analyzed under Rule 42(a), which governs consolidation of actions, rather than Rule 20, which speaks only to permissive joinder of parties.  As such, the parties are on notice that Rule 42(a) governs this analysis.

(explaining that consolidation is intended to avoid overlapping trials containing duplicative proof, excessive cost, and waste of valuable court time in the trial of repetitive claims, among other considerations).  Identity of the parties is not a prerequisite; to the contrary, "[c]ases may be consolidated even where certain defendants are named in only one of the complaints." *Jacobs v. Castillo*, 612 F. Supp.2d 369, 373 (S.D.N.Y. 2009).  Ultimately, district courts in this Circuit have been "encouraged ... to make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix*, 776 F.2d at 1495 (citation and internal quotation marks omitted).

Review of these two interrelated actions confirms that there are extensive common questions of law and fact; that consolidation would promote the interests of judicial economy, consistency, timeliness and convenience; and that consolidation would not appear likely to trigger any substantial risk of inconvenience, prejudice, delay or expense for the Court or the litigants.  Key issues in both cases will include the cause of the fire, the sufficiency and veracity of the information provided by Hillery and Jones, application of Alabama bad faith law, the relationship between the two policies, and the like.  Moreover, both cases are in the same procedural posture and stage of litigation, with the applicable Scheduling Orders for each case setting the final pretrial conference in April 2009 and trial during the May 2009 civil term.  Under the circumstances, the Court finds that the gains in terms of convenience, efficiency, prompt resolution of lawsuits, elimination of risk of inconsistent verdicts, and reduced burdens on the time and resources of both the Court and the litigants far outweigh any likelihood of prejudice or confusion if consolidation occurs.  For these reasons, the Motion to Consolidate is **granted** in the Court's discretion, pursuant to Rule 42(a).

As for Allstate's suggestion that consolidation should be granted solely for discovery purposes, and that it is premature to assess the propriety of consolidation for trial, the Court does not agree.  Given the considerable overlap between these two actions, the benefits of consolidation for trial (as set forth above) are both obvious and substantial.  The record does not reflect, and no party has come forward with any reason to believe, that Allstate or anyone else will suffer prejudice or that any meaningful risk of confusion, delay or expense will be created if these actions are consolidated for trial.  At most, Allstate offers a tepid, abstract, hypothetical scenario that "[i]t is conceivable" that discovery might disclose some reason why consolidation

for trial would be unjust or inappropriate. The theoretical, speculative possibility that some unknown prejudice might conceivably emerge at some future date is not a reason to deny consolidation for trial at this time. Having conducted discovery in both actions for three months and lived with the underlying insurance claims for more than a year and half, the parties would reasonably be expected to be aware by now of any circumstances giving rise to material concerns of prejudice, confusion or the like, if they existed. Allstate's inability to identify any such circumstances at this time undermines its position. Accordingly, the undersigned rejects Allstate's proposal that consolidation be granted only as to discovery at this time, with the issue of consolidation for trial remaining unresolved until some undetermined future date.[2]

### III. Conclusion.

For all of the foregoing reasons, the Court exercises its discretion in favor of **consolidating** these actions, pursuant to Rule 42(a), Fed.R.Civ.P., **for all purposes**, including discovery and trial. The Motion to Consolidate is **granted**. To effectuate consolidation, the Clerk of Court is hereby **directed** to extract documents 1 through 19 from Civil Action No. 09-0022-WS-N and to make those documents a part of the court file in Civil Action No. 08-0547-WS-C. Furthermore, the Court finds that there is no present reason to maintain Civil Action No. 09-0022-WS-C as an open file. Therefore, the Clerk is **directed** to submit a JS-6 to the Administrative Office which indicates that this file is statistically closed and thus removed from the pending docket of this Court. The Clerk shall thereafter maintain that file as a closed file. To avoid any confusion, and given that 09-0022 will henceforth be a closed file that has been swallowed whole by 08-0547, the parties are **ordered** not to include the caption of 09-0022 in any future filings in this action and not to file any pleadings directly in 09-0022. Rather, all future filings in these consolidated proceedings should be made exclusively in 08-0547.

In general, each portion of the case will be governed by the relevant provisions of the

---

[2] Of course, Allstate remains fully protected in the event that its hypothetical fear comes to fruition and discovery divulges some reason why trying both actions together would create undue risks of prejudice, inconvenience, inefficiency, delay, or jury confusion. Should that occur, Allstate is free to file a motion for separate trials or for other relief pursuant to Rules 20(b) and/or 42(b), Fed.R.Civ.P., provided that any such motion must be filed promptly after Allstate becomes aware of the circumstances that it believes render a single trial prejudicial or confusing, and in any event by no later than the dispositive motions deadline.

Scheduling Order entered in the underlying case, pre-consolidation. That said, the final pretrial conference in this consolidated action is hereby **reset** for **April 20, 2009**, at **9:30 a.m.** Any motion by any party for separate trials or other relief pursuant to Rules 20(b) and/or 42(b) must be filed by no later than the dispositive motions deadline, which remains set for **January 8, 2010**.

DONE and ORDERED this 20th day of July, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
