# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TYRONE HILLERY, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 08-0547-WS-C |
| | ) |
| ALLSTATE INDEMNITY COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter comes before the Court on plaintiffs' Motion to Alter, Vacate or Amend (doc. 68), filed pursuant to Rule 59(e), Fed.R.Civ.P.

This action arises from a fire that damaged the home of plaintiffs, Tyrone Hillery and Shelia Jones, on December 15, 2007. Hillery made a claim to defendant, Allstate Indemnity Company, for payment of insurance benefits following the loss; however, Allstate denied coverage. Hillery and Jones then filed suit against Allstate, interposing state-law causes of action for breach of contract, bad faith, misrepresentation, suppression and negligence. On April 2, 2010, the undersigned entered an Order (doc. 66) and Judgment (doc. 67) granting Allstate's Motion for Summary Judgment and dismissing this action with prejudice. In so concluding, the Court credited Allstate's argument that it was entitled to summary judgment based on plaintiffs' failure to comply with a condition precedent when they refused to update and correct contents inventory forms even after admitting that the forms they had previously submitted to Allstate were inaccurate. The April 2 Order expressly observed the following in connection with defendant's condition precedent argument:

> "In response, plaintiffs remain silent. Nowhere in plaintiffs' 21-page summary judgment brief do they address the breach-of-conditions-precedent argument. Plaintiffs make no attempt to justify their noncompliance with Allstate's plainly appropriate and reasonable information request, nor do they seek to reconcile their refusal with their cooperation duties under the Policy. By overlooking this issue in its entirety, plaintiffs fail to rebut either the factual or legal underpinnings of Allstate's persuasive argument that summary judgment is warranted on this

ground."

(April 2 Order (doc. 66), at 27 (footnote omitted).)

On May 10, 2010, plaintiffs filed their Motion to Alter, Vacate or Amend, wherein they argue for the first time that (a) Allstate had waived its defense predicated on failure to satisfy a condition precedent and (b) the April 2 Order and Judgment are in error because "this defense should not have been available to Defendant AllState [*sic*] at the summary judgment stage." (Doc. 68, ¶ 7.) Upon review, the Court finds that the Motion fails for a pair of distinct and independent reasons.

First, plaintiffs purport to file their Motion pursuant to Rule 59(e), Fed.R.Civ.P., yet they disregard that Rule's strict temporal limitation that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *Id.* Judgment having been entered in this case on April 2, 2010, any motion to alter or amend was due no later than April 30, 2010. Plaintiffs' failure to adhere to that mandatory filing deadline is fatal to their ability to be heard on a Rule 59(e) motion now. *See* Rule 6(b)(2), Fed.R.Civ.P. ("A court **must not extend the time to act** under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).") (emphasis added).

Second, even if plaintiffs could somehow overcome the timeliness defect in their Motion, the Court would nonetheless deny it as an improper attempt to reargue issues already decided on summary judgment. *See, e.g., Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (citation and internal quotation marks omitted). "A party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions." *Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) (citation and internal quotation marks omitted). The Eleventh Circuit has made clear that Rule 59 motions "should not be used to raise arguments which could, and should, have been made before the judgment was issued," and that denial of such a motion "is especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." *Id.* (citation omitted); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (similar). This is precisely the case here. Plaintiffs' summary

judgment brief simply ignored Allstate's condition precedent argument, leaving the Court to guess whether and on what bases plaintiffs opposed entry of summary judgment for defendant on that basis. It is not the Court's responsibility either to make a litigant's arguments for it or to engage in a mind-reading exercise to speculate as to the bases for opposition. Now, having received an unfavorable result on summary judgment, plaintiffs step forward with arguments they could and should have presented during the summary judgment briefing process, when they were afforded a full and fair opportunity to do so, all without even a whisper of an explanation for their failure to articulate those arguments previously. This is not a proper use of the Rule 59(e) mechanism.

For all of the foregoing reasons, Plaintiffs' Motion to Alter, Vacate or Amend (doc. 68) is **denied**.

DONE and ORDERED this 11th day of May, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE